UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

Zhan Peng Cao,

CASE NO.: 21-42063-ess

CHAPTER: 13

Debtor(s)
-------------------------------------------------------X

## ORDER GRANTING ~~IN REM~~ RELIEF FROM THE AUTOMATIC STAY *AND LIMITED IN REM RELIEF*

**UPON** consideration of the application dated August 13, 2021, of Rushmore Loan

Management Services, LLC as servicer for U.S. Bank, National Association as Legal Title

Trustee for Truman 2016 SC6 Title Trust (together with any successor and/or assign, "Movant"),

for an order, pursuant to sections 362(d)(4) and 362(d)(1)-(2) of title 11 of the United States

Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case

by section 362(a) of the Bankruptcy Code as to the Movant's interests 2208 Denbeigh Dr.,

Jamison, PA 18929 (the "Property") to allow the Movant's enforcement of its rights in, and

remedies in and to, the Property; and due and proper notice of the Motion having been made on

all necessary parties; and the Court having held a hearing on the Motion on September 20, 2021,

and upon all the proceedings had before the Court; and after due deliberation and sufficient cause

appearing, it is hereby

**ORDERED** ~~that the Motion is granted as provided herein; and it is further~~

**ORDERED,** that ~~pursuant to section 362(d)(4) of the Bankruptcy Code,~~ the automatic

stay ~~in effect~~ pursuant to section 362(a) of the Bankruptcy Code is ~~vacated upon entry of the~~

~~within Order~~ and *modified pursuant to 11 U.S.C. § 362(d)(4)(B) as to Movant's interest in the Property*

***such that if this Order is recorded in compliance with applicable state laws,*** any future filing in any case under the Bankruptcy Code purporting to affect the Property shall not operate as a stay against Movant, its successors and/or assigns, for a period of two years marked from entry of the within Order***, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstance or for good cause shown, after notice and a hearing***; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is ~~vacated~~ ***modified*** under sections 362(d)(1)-(2) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant~~'s enforcement of~~ ***to pursue*** its rights ***under applicable law*** ~~in, and remedies in and~~ ***with respect*** ~~to,~~ the Property; and it is further

**ORDERED** that the co-debtor stay imposed in this case by section 1301(a) of the Bankruptcy Code is ~~vacated~~ ***modified*** under section 1301(c)(3) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant~~'s enforcement of~~ ***to pursue*** its rights ***under applicable law*** ~~in,~~ ~~and remedies in and~~ ***with respect*** ~~to,~~ the Property; and it is further

***ORDERED that, pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order shall be stayed until fourteen days from the date of its entry; and it is further***

~~**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $188.00 as provided in the loan documents; and it is further~~

~~**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further~~

**ORDERED** that the Movant shall promptly report to the Chapter 13 Trustee any surplus monies realized by any sale of the Property.



Dated: Brooklyn, New York
     September 22, 2021

                                        **Elizabeth S. Stong**
                                **United States Bankruptcy Judge**